IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER LEE FOSTER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-12-3532 |
| | : | Criminal No. CCB-10-0644 |
| UNITED STATES OF AMERICA | : | |

...o0o...

## MEMORANDUM

Federal prison inmate Christopher Foster has filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in connection with his guilty pleas to a Hobbs Act robbery, 18 U.S.C. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). On December 1, 2011, he received a guidelines sentence of 156 months on the robbery and 84 months consecutive on the firearms charge, with the government dismissing several other robbery and § 924(c) counts. (Judgment, ECF No. 121). The sentence was entered pursuant to an agreement under Fed. R. Crim. P. 11(c)(1)(C) accepted by the court. Foster did not appeal.

This § 2255 motion was timely filed on November 30, 2012. The government filed an opposition on September 13, 2013; Foster was given an extension of time to file a reply but has not done so. It appears from a review of the record that his motion should be denied, except as to the failure to file an appeal.

Foster claims his counsel was ineffective for failing to file pre-trial motions and for persuading him to plead guilty while Foster's "mental state of mind was delicate." (Pet. at 4, ECF No. 126; Mem. at 3, 10, ECF No. 129). As to these claims, he has failed to show either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). First, he has not identified any meritorious

motions counsel failed to file.  Second, his mental condition was evaluated thoroughly at FCI Butner, where he was found competent.  (Mem. at 3).  Third, his experienced CJA counsel negotiated a very reasonable agreed-upon plea for Foster, who would have faced a mandatory sentence of as much as 82 years in prison if convicted on all counts at trial.

As to the final issue, Foster alleged by affidavit that he requested counsel to file an appeal, even though he waived his appeal rights under the plea agreement, and counsel refused to do so.  (Foster Aff. ¶ 9, ECF No. 129).  No contradictory affidavit warranting an evidentiary hearing was filed by the government.  Because it is the law in this Circuit that counsel's failure to file an appeal, when requested to do so by his client, is ineffective assistance even if the appeal would lack merit, the judgment in this case will be vacated.  *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).  A new judgment will be entered, from which Foster will have 14 days to note his appeal.

A separate Order follows.


<u>December 31, 2013</u>　　　　　　　　　　　　　　　　　　／s／
　　　Date　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge